Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50014 | DATE | 7/20/2001 |
| CASE TITLE | Heim vs. Signcraft Screenprint Inc. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motions to dismiss and to strike;
Plaintiff's motion to disqualify

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motions to dismiss and to strike are denied and plaintiff's motion to disqualify is denied. Plaintiff has seven days from the date of this order to file an appropriate EEOC right-to-sue letter with respect to her ADA claim (Count X); if she does not do so, that count will be dismissed without further notice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUL 24 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7-20-01 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Susan Y. Heim, has filed a ten-count complaint against defendants, Signcraft Screenprint, Inc. ("Signcraft"), Dennis J. Harle, and Sandra A. Redington. She alleges various state law causes of action and a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). In this order, the court addresses defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b) and to strike under Rule 12(f), as well as plaintiff's motion to disqualify Theodore Forsberg as counsel for defendants.

As a preliminary matter, defendants' motion to dismiss mischaracterizes the basis for relief. The second part of this motion is labeled as a motion to dismiss for lack of subject matter jurisdiction, even though it is in effect one to dismiss the ADA count for failure to state a claim under Rule 12(b)(6).[1] And the first part of the motion, which really is based on lack of subject matter jurisdiction – more specifically, the lack of diversity between the parties – is cryptically titled a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Putting aside these missteps, the parties have focused their attention and submitted evidence on the diversity issue, so the court will follow their cue.

Citizenship for diversity purposes means a person's domicile, which requires (1) physical presence in a state with (2) an intent to remain there indefinitely. See Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993). In January 2001 when she filed suit (the relevant time for determining jurisdiction, see Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996)), there is little doubt plaintiff was physically present in both Iowa and Illinois. Less clear is where she intended to remain at that time. On the one hand, plaintiff is registered to vote and actually votes in Iowa, does her personal banking in Iowa, and owns a home in Iowa, where her husband and children live with her, where she keeps all of her personal belongings, and where she receives her personal mail. On the other hand, plaintiff worked in Illinois, maintains an Illinois driver's license, is registered to vote in Illinois (although she states she has not actually voted in Illinois "for many years"), paid Illinois income tax and had an Illinois address listed on her W-2 forms for at least the last three years, and used an Illinois address when completing some paperwork for Signcraft as recently as April 2000. However, merely claiming the citizenship of another state for tax purposes by changing one's driver's license and voter registration does not effect a change in citizenship for purposes of diversity jurisdiction, see Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991), and plaintiff all but admits this is what she was doing in Illinois. She states in her affidavit that "tax-planning reasons" made it preferable to have Illinois, rather than Iowa, income tax withheld from her paychecks. She also says she had plans of establishing an Illinois residence in 2000, only to abandon the idea halfway through the year. She avers she has not owned any residential property in Illinois since mid-1999, did not own or rent any property in Illinois in January 2001, and has submitted a letter from her accountant indicating she was to file an Iowa income tax return for the year 2000 and will begin making Iowa estimated tax payments. (Pl. Exh. G) Based on this evidence, the court finds plaintiff intended to maintain her Iowa residence as her domicile when she filed suit in January 2001 and diversity jurisdiction is thus proper.[2]

Defendants have also moved to strike various paragraphs of plaintiff's complaint under Rule 12(f) relating to Harle's substance abuse problem, the death of the parties' sister, and defendants' dealings with Signcraft's former corporate accountants. The disputed paragraphs, however, are not so unrelated to plaintiff's claims as "to be void of merit and unworthy of consideration." WTM, Inc. v. Hennick, 125 F. Supp. 2d 864, 870 (N.D. Ill. 2000). The motion to strike is therefore denied.

In her motion to disqualify, plaintiff argues Theodore Forsberg, one of defendants' attorneys, should be disqualified for three reasons but has apparently dropped the third reason in her reply brief. First, plaintiff believes Forsberg likely will be called to testify as a witness because of his alleged involvement with the events giving rise to plaintiff's claims. See N.D. Ill. R. ("LR") 83.53.7. However, it is not clear at this point whether Forsberg will in fact be needed as a witness as other individuals may be able to supply the same information. In addition, it may very well be plaintiff, not defendants, calling Forsberg as a witness, in which case he would be testifying "other than on behalf of [his] client" and would be disqualified only if he expected his testimony to prejudice defendants. See LR 83.53.7(b). Plaintiff also argues Forsberg, who was (and still is) corporate counsel for Signcraft, previously advised her in her capacity as a former director of Signcraft on matters substantially related to the matters at issue in this litigation. The problem with this argument is that a corporate attorney represents the *corporation*, not the individual directors or officers, see LR 83.51.13(a), so plaintiff was never one of Forsberg's former clients under LR 83.51.9 to begin with. Once again, the need to disqualify Forsberg may become more apparent at a later stage of the litigation, but for now plaintiff's motion is denied.[3]

For the reasons stated above, defendants' motion to dismiss and to strike are denied and plaintiff's motion to disqualify is denied.

---

[1] Whatever defendants were thinking, plaintiff's pleadings are more than sufficient to state a claim under the ADA. However, the ADA claim is nevertheless subject to dismissal because plaintiff filed suit before receiving a right-to-sue letter from the EEOC. Plaintiff indicated in her complaint she had requested such a letter and would file it with the court upon receipt. She then said she had attached a copy of the letter to her brief in response to the motion to dismiss, which she did not. Plaintiff is given seven days from the date of this order to file the right-to-sue letter. If she does not, the court will dismiss the ADA claim (Count X) without further notice.

[2] Of course, if further discovery reveals additional facts not presently before the court indicating Illinois really was plaintiff's place of domicile in January 2001, see Viacom Inc. v. Flynn, No. 96 C 3131, 1997 WL 97697, at *1 (N.D. Ill. Feb. 27, 1997) (listing factors), defendants may revisit the issue at that time.

[3] Nevertheless, LR 83.51.13 brings up another potential conflict not raised by the parties. Under this rule, a lawyer representing an organization may also represent any of its officers and directors, so long as there is no conflict of interest under LR 83.51.7. See LR 83.51.13(e). However, the Committee Comments to LR 83.51.13 caution that, when shareholders or members bring a derivative action on behalf of the corporation and the action involves "serious charges of wrongdoing by those in control of the organization, a conflict may arise between the lawyer's duty to the organization and the lawyer's relationship with the board." As some of plaintiff's claims are brought derivatively on behalf of Signcraft and contain allegations of fraud and self-dealing by Harle and Redington, Forsberg may be forced to withdraw his dual representation of Signcraft and the individual defendants, both of whom are Signcraft board members, and allow Signcraft to retain independent counsel. See Bell Atlantic Corp. v. Bolger, 2 F.3d 1304, 1315-17 (3rd Cir. 1993); Musheno v. Gensemer, 897 F. Supp. 833, 835-39 (M.D. Pa. 1995); Cannon v. U.S. Accoustics Corp., 398 F. Supp. 209, 215-21 (N.D. Ill. 1975). Therefore, should the parties' attempts at settlement before Magistrate Judge Mahoney prove unsuccessful, they are hereby ordered to schedule a status hearing before this court within sixty days after the last settlement conference in order to discuss the aforementioned conflict.